UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

PATRICK E. HALE )
)
v. ) NO. 2:07-CV-16
)
DARYL TIPTON; NURSE ANGLA )
CUTIS; SHANE WATSON; and NURSE )
AT THAT TIME NOW IS AN OFFICER )

## **MEMORANDUM and ORDER**

Patrick E. Hale brings this *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated during his confinement in the Washington County Detention Center (WCDC), as well as in the Carter County Jail.

The plaintiff is **ASSESSED** the civil filing fee of three hundred and fifty dollars ($350.00). 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

    <u>or</u>

    (b)    twenty percent (20%) of the average monthly

balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the plaintiff has paid the $350 filing fee in full to the Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is confined, to ensure compliance with the above fee-assessment procedures.

In the complaint, the plaintiff states his claims as follows:

> "Date     Time
> 1. 11-25-06   Between 3:20 p.m. 3:30 p.m. Daryle Tipton W.C.D.C. Violation of my rights
> 2. 12-1-06  4:37 a.m.  Nurse Angla Cutis W.C.D.C. let my pass med to another inmate
> 3. 3-5-06    Shane Watson Cater County Jail Violation of my rights
> 4. 2-6-06    Nurse refuse to give me med and medical trement" (Compl.,¶ IV).

For these alleged constitutional violations, the plaintiff would have the

---

[1] Send the payments to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

Court investigate the jail system, especially defendant Daryl Tipton, and compensate him for stress and mental anguish, which, inferentially, he suffered as a resulted of the defendants' alleged conduct.

Under 28 U.S.C. § 1915A, a district court is to review a complaint in a civil action in which a prisoner seeks redress from a governmental defendant and, if the complaint fails to state a claim upon which relief may be granted, to dismiss it. A screening of the complaint, as required in 28 U.S.C. § 1915A, reveals that the complaint should not be served upon the defendants and, for the reasons expressed below, should be dismissed.

The plaintiff's first and third claims, in which he asserts that his rights have been violated, have no factual underpinnings whatsoever. For example, the plaintiff has not specified the constitutional rights which purportedly were infringed upon or described any of the circumstances surrounding the alleged infringements. Simply asserting "violation of my rights" without providing any specific factual contentions is insufficient to make out a constitutional claim. Bald, factually-undeveloped allegations, such as these, fail to state a claim entitling a plaintiff to relief under § 1983. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

The plaintiff's second and fourth claims—both involving complaints about his medical treatment—fare no better. Punishments that involve the

unnecessary and wanton infliction of pain on prisoners constitute cruel and unusual treatment and, thus, are proscribed by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 328 (1986). Deliberate indifference to the serious medial needs of prisoners constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Nevertheless, a prisoner whose claims are based on a theory of medical negligence has not stated a recognizable claim under § 1983 because medical negligence is not a constitutional violation. *Id.* at 106.

On its face, the plaintiff's second claim alleging that defendant Cutis "let my pass med to another inmate" makes no sense. Even if the Court generously interprets this allegation as asserting that a nurse allowed another inmate to pass the plaintiff's medications to him; permitted him to pass medications to another inmate; or gave his medical pass to another inmate, it would not help the plaintiff. This is so because neither the allegation itself nor the possible interpretations demonstrates that the plaintiff had *any* medical need, much less a serious one or that he was treated with deliberate indifference by the nurse. Absent a demonstration of a serious medical need and deliberate indifference, there is simply no constitutional claim.

The plaintiff's fourth claim (i.e., that a nurse refused him medication and medical treatment) suffers from a similar deficiency. There are no factual allegations

4

evincing that the plaintiff suffers from a serious medical need or that the nurse exhibited deliberate indifference to that need. Thus, this claim also fails.

One of the plaintiff's claims for relief is also insufficient. He seeks compensation for stress and mental anguish, presumably sustained as a result of the alleged actions or inactions of the defendants. He does not contend, however, and it does not appear, that he sustained any physical injury as a result of the defendants' purported conduct. A prisoner in a correctional facility who files a federal civil action cannot recover damages on the basis of mental or emotional injury suffered while in custody absent a showing of physical injury. 42 U.S.C. § 1997(e)(e). Therefore, because no such an injury has been claimed, the plaintiff cannot be awarded compensatory damages.

Finally, in a letter addressed to the Clerk of Court, the plaintiff contends that unidentified persons have denied him proper shoes and X-Rays (he maintains that he weighs 251 pounds and that, prior to his confinement, he had a cast on his left foot) and that, after he filed this lawsuit, he was moved to a cell which is locked down 22 hours a day. However, he does not identify the persons who purportedly engaged in this conduct or the dates these alleged episodes occurred. Therefore, assuming that these allegations properly can be included in this action, the lack of factual specificity once again is fatal to his claims. Even if this were not so, the dispute over whether to

order an X-Ray or provide shoes (absent an allegation that the shoes were ordered or prescribed by a physician) is not a matter for the Court to decide, but instead a matter best left to professional medical judgment. *Estelle v. Gamble*, 429 U.S. at 105-06; *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (disagreement between prison physician and physician who originally prescribed medications not of constitutional magnitude);*Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (where some medical treatment given prisoner and dispute involves adequacy of treatment, no valid § 1983 claim is stated).

A separate order will enter dismissing this case for failure to state a claim entitling the plaintiff to relief under § 1983. 28 U.S.C. § 1915(e)(2); § 1915A.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE